UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND WYNGAARD,

       Plaintiff,                          Hon. Wendell A. Miles

v.                                              Case No. 5:05 CV 157

JOHN RUBITSCHUN, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #10). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action dismissed.

### BACKGROUND

On or about January 10, 1995, Plaintiff was convicted of being a prisoner in possession of contraband (marijuana). *See People v. Wyngaard*, 614 N.W.2d 143 (Mich. 2000). This particular conviction, however, was later vacated and the matter remanded for a new trial. *Id.* Following remand, the State declined to pursue the matter further and the charge was dismissed. (Dkt. #17, Exhibit B).

On September 26, 2005, Defendants denied Plaintiff's request for parole. (Dkt. #17, Exhibit C). One of the many reasons cited in support of this decision was that Plaintiff's criminal history "[i]ncludes drug/alcohol related crimes." *Id.* This comment regards Plaintiff's aforementioned 1995 conviction for being an inmate in possession of marijuana. (Dkt. #11, Exhibits A-B).

On October 31, 2005, Plaintiff initiated the present action in which he asserts the following claims: (1) Defendants improperly denied him parole based upon inaccurate information - specifically, his 1995 conviction for possession of marijuana; (2) Defendants improperly denied him parole, in violation of the Americans with Disabilities Act, because of his history of drug and alcohol abuse; and (3) Defendants improperly concluded that Plaintiff failed to articulate a parole plan which would reduce the likelihood of additional criminal behavior. (Dkt #1).

I.      **Defendants are Entitled to Summary Judgment**

As noted above, Plaintiff has presently asserted the following claims: (1) Defendants improperly denied him parole based upon inaccurate information; (2) Defendants improperly denied him parole, in violation of the Americans with Disabilities Act, because of his history of drug and alcohol abuse; and (3) Defendants improperly concluded that Plaintiff failed to articulate a parole plan which would reduce the likelihood of additional criminal behavior.

A.      Inaccurate Information Claim

On September 26, 2005, Defendants denied Plaintiff's request for parole. (Dkt. #17, Exhibit C). One of the many reasons cited in support of this decision was that Plaintiff's criminal history "[i]ncludes drug/alcohol related crimes." *Id.* Plaintiff asserts that consideration of this inaccurate information violated his constitutional rights. Plaintiff's claim fails for at least two reasons.

It is well established that prisoners "have no constitutional or inherent right to parole or a parole hearing." *Coleman v. Martin*, 2003 WL 1795710 at *2 (6th Cir., March 27, 2003) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). The "mere presence of

a parole system and the possibility of parole simply do not create a liberty interest in parole release." *Coleman*, 2003 WL 1795710 at *2 (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987)). Moreover, the state of Michigan has not created a liberty interest in parole or parole eligibility. *See* Mich. Comp. Laws § 791.235(1); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994). Accordingly, because Plaintiff enjoys neither a constitutional right to parole nor a protected liberty interest in parole, he cannot maintain a § 1983 claim based on the allegation that Defendants' decision denying his request for parole was based upon allegedly inaccurate information. *Coleman*, 2003 WL 1795710 at *2; *Sweeton*, 27 F.3d at 1164-65.

A brief word on the Sixth Circuit's decision in *Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir. 2003) (*en banc*) is appropriate. In *Dotson*, the court held that:

> where a prisoner does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted, we hold such a challenge cognizable under section 1983.

*Id.* at 472.

The nature of Plaintiff's claim appears to fit within the limitation recognized by the *Dotson* court. A close reading of *Dotson*, however, reveals that it does not extend nearly as far as the language quoted above suggests. The issue in *Dotson* was the extent to which the rule articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994),[1] applied to § 1983 actions challenging the procedures implemented in an inmate's parole proceedings. *Dotson*, 329 F.3d at 466-69.

---

[1] In *Heck*, the Court held that § 1983 actions in which a prisoner seeks to recover damages for harm caused by actions the unlawfulness of which would imply the invalidity of his confinement must be dismissed, as such claims are cognizable only in the context of a petition for writ of habeas corpus. *Heck*, 512 U.S. at 486-87.

The analysis in *Dotson* addressed only this particular issue. The above quoted language notwithstanding, the *Dotson* decision did not address whether prisoners possess a liberty interest in parole or parole proceedings sufficient to implicate the due process protections provided by the United States Constitution. Moreover, the *Dotson* decision in no way alters the legal landscape upon which the Court relies in ruling against Plaintiff on this particular claim. In short, the *Dotson* decision removed for a limited class of prisoners a single barrier to asserting a cognizable claim, but neither addressed nor amended the various other legal hurdles which prisoners face when asserting § 1983 claims.

Even if Plaintiff could overcome this authority, his claim would still fail. As the record reveals, Defendants later reconsidered Plaintiff's request for parole. (Dkt. #11, Exhibits A-B). When reconsidering Plaintiff's request for parole Defendants did not consider Plaintiff's 1995 conviction for being an inmate in possession of marijuana. This conclusion is supported by Defendants' affidavits, as well as the amended notice of parole denial which was mailed to Plaintiff on December 21, 2005. *Id.* Plaintiff has presented no evidence to the contrary. Thus, Defendants have established that their decision in this matter was not based upon inaccurate information. Accordingly, Defendants are entitled to summary judgment as to this claim.

B. Parole Plan Claim

In their decisions denying Plaintiff's request for parole, Defendants concluded that Plaintiff "[h]as failed to provide a parole plan which would reduce the likelihood of additional criminal behavior." Plaintiff asserts that he did provide a parole plan and that, therefore, Defendants' decision to deny his request for parole violated his constitutional rights.

First, Plaintiff has presented no evidence of his alleged parole plan or evidence that even if such a plan existed that he submitted it to Defendants or anybody else. Moreover, as discussed above, Plaintiff has no right to parole or a parole hearing. Thus, even if Defendants incorrectly concluded that Plaintiff failed to submit a parole plan, or incorrectly concluded that such a plan was insufficient, Defendants' actions simply fail to implicate Plaintiff's constitutional rights. Defendants, therefore, are entitled to summary judgment as to this claim.

C.  Americans with Disabilities Act Claim

Plaintiff claims that Defendants violated his rights under the Americans with Disabilities Act (ADA) by denying his request for parole because of his "past record of drug/alcohol addiction."

As discussed above, Defendants reconsidered Plaintiff's request for parole, and in so doing did not consider Plaintiff's vacated conviction for possession of marijuana. Thus, Defendants' decision denying Plaintiff's request for parole was in no way based upon his previous conviction for possession of drugs.

Furthermore, to establish an ADA violation Plaintiff must establish the following: (1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program *solely* because of his disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) (emphasis added). As the record clearly reveals, Defendants' decision to deny Plaintiff parole was based on numerous factors completely unrelated to Plaintiff's vacated conviction for drug possession. Accordingly, Defendants are entitled to summary judgment as to this claim.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #10), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  August 1, 2006                                  /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge