UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND L. WYNGAARD,

    Plaintiff,

v.                                                  Case No. 5:05-cv-157

                                                      Hon. Wendell A. Miles

JOHN S. RUBITSCHUN and JAMES QUINLAN,

    Defendants.

_____/

OPINION AND ORDER TAXING COSTS

This matter is before the court on Defendants' Motion to Tax Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  For the following reasons, the court grants the motion.

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.  On August 31, 2006, the court entered an Judgment adopting the magistrate judge's report and recommendation, and granting summary judgment to the Defendants.  Defendants filed their Motion to Tax Costs on September 26, 2006.  Plaintiff chose not to file a response.  Defendants seek an award of statutory taxable costs in the amount of $63.50, representing $43.50 for exemplification and copying fees[1] and $20.00 for attorney's docket fees.[2]   The court finds that

---

[1] "Fees for exemplification and copies of papers necessarily obtained for use in the case," are taxable under 28 U.S.C. § 1920(4).

[2] A $20 attorney's docket fee may be taxed on trial or final hearing.  28 U.S.C. § 1923(a).  The $20.00 docket fee may be awarded even where summary judgment was granted without oral argument.  Meador-Bey v. Jones, No. 92-2379, 1993 WL 76228, at *1 (6th Cir. March 17, 1993); Berryman v. Epp, 884 F. Supp. 242, 245-46 (ED Mich. 1995).

Defendants' costs are authorized by statute and are reasonable in nature and amount. Therefore, the court approves costs in the amount of $63.50.

The Prison Litigation Reform Act removes the court's discretion to order relief from taxed costs on the basis of a prisoner's indigence. Under the Act, costs should generally be awarded regardless of whether the inmate is indigent. See 28 U.S.C. § 1915(f)(2)(A); Singleton v. Smith, 241 F.3d 534, 539-40 (6th Cir. 2001). Defendants are entitled to an award of costs totaling $63.50.

A prisoner litigant against whom costs are taxed is now required to make an initial payment of costs equal to twenty percent of the greater of (a) the average monthly deposits to the prisoner's account or (b) the average monthly balance in the prisoner's account over a six month period. 28 U.S.C. § 1915(a)(2), (f)(2) (B). Defendants filed a certificate establishing Plaintiff's prison account activity. Plaintiff's average monthly deposit for the six months reported was $117.61, and average monthly balance was $21.56. Twenty percent of $117.61, the greater amount, is $23.52. Therefore, a partial payment of $23.52 is immediately payable by Plaintiff to the Michigan Attorney General's Office.

After an initial payment, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Michigan Attorney General's Office each time the amount in the account exceeds $10.00 until the costs are paid in full. 28 U.S.C. § 1915(b)(2).

Therefore,

IT IS ORDERED that Defendants' Motion to Tax Costs (docket #21) is GRANTED and

judgment is entered in defendants' favor in the amount of $63.50;

IT IS FURTHER ORDERED that an initial payment of $23.52 is immediately payable to the Michigan Attorney General's Office;

IT IS FURTHER ORDERED that the agency having custody of Plaintiff shall collect the remainder of the costs.  As outlined above, each month that the amount in Plaintiff's account exceeds $10.00, the agency shall collect 20 percent of the preceding month's income and remit that amount to the Michigan Attorney General's Office.  The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the costs are paid in full.

So ordered this 4th day of June, 2007.

       /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge